United States District Court
Southern District of Texas
**ENTERED**
November 03, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | MAGISTRATE NO. H-16-1555M |
| | § | |
| MARK ADAIR | § | |

ORDER OF DETENTION PENDING TRIAL

     In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established by a preponderance of the evidence or clear and convincing evidence and require the detention of the above-named defendant pending trial in this case.

Findings of Fact

[ ] A.  Findings of Fact [18 U.S.C. § 3142(e), § 3142(f)(1)].

  [ ] (1)    The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

        [ ]    a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

        [ ]    an offense for which the maximum sentence is life imprisonment or death.

        [ ]    an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

        [ ]    a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

  [ ] (2)    The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

  [ ] (3)    A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding 1.

  [ ] (4)    Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or

        combination of conditions will reasonably assure the safety of any other person and the community. I further find that the defendant has not rebutted this presumption.

[X]    B.    Findings of Fact [18 U.S.C. § 3142(e)]

     [X] (1)    There is probable cause to believe that the defendant has committed an offense

         [ ]    for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C.
() § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

         [ ]    under 18 U.S.C. § 924(c).

         [X]    involving a minor victim under 18 U.S.C. § 2252A(a)(2).

     [X] (2)    The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

[X]    C.    Findings of Fact [18 U.S.C. § 3142(f)(2)]

     [X] (1)    Defendant is accused of distribution and possession of child pornography in violation of 18 U.S.C. § 2252A.

     [X] (2)    There is a serious risk that the defendant will flee.

     [X] (3)    Defendant represents a danger to the community.

     [ ] (4)    There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror, or attempt to do so).

[X]    D.    Findings of Fact [18 U.S.C. § 3142(c)]

     [ ] (1)    As a condition of release of the defendant, bond was set as follows:

     [ ] (2)

     [X] (3)    I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the appearance of the defendant as required.

     [X ] (4)    I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person or the community.

Written Statement of Reasons for Detention

I find that the accusations in the criminal complaint, the information submitted in the Pretrial Services Agency report, and evidence at the detention hearing establish by clear and convincing evidence that no conditions will assure the safety of the community.

I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:

1. Defendant is a 35-year old born and raised in Houston, Texas. He lives alone in a home owned by his parents, who live in Austin, Texas. His one sibling lives in Switzerland. He traveled outside the U.S. in 2005, but does not know where his passport is or if it is expired. He spends a significant amount of time caring for his elderly grandparents who live in Conroe, Texas. He is self-employed doing contract work for well drilling companies.

2. Defendant is charged with distribution and possession of child pornography in violation of 18 U.S.C. § 2252A. He faces a potential penalty of 5 to 20 years in prison.

3. Defendant's criminal history includes a prior drug charge, a felony conviction for stalking, and two violations of a protective order. Evidence at the hearing indicates that he was convicted of stalking a former girlfriend after she broke up with him.

4. Defendant has mental health conditions that require ongoing treatment and medication. He attempted suicide in 2008 while in custody in Hays County, Texas.

5. Defendant admitted to downloading images of child pornography using the file sharing program *u*Torrent. An investigating agent testified that defendant persuaded a minor female to send him nude pictures, then threatened his minor victim after she changed her mind about sending him additional nude pictures and engaging in sexual activity with him for money. The agent also testified that defendant contacted the minor victim after the execution of a search warrant at his home when he was aware that he was under investigation.

6. Defendant has not rebutted the presumption that there is no condition or combination of conditions of release which would assure the safety of the community. Detention is ordered.

Directions Regarding Detention

It is therefore ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending

appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

    Signed at Houston, Texas, on October 26, 2016.

                                                          Stephen Wm Smith
                                          United States Magistrate Judge